IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAUREN GOMMEL<br>32 South Davis Avenue<br>Audobon, NJ 08106<br><br>   Plaintiff,<br><br>  v.<br><br>PRO CUSTOM SOLAR, LLC d/b/a<br>MOMENTUM SOLAR<br>325 High Street<br>Metuchen, NJ 08840-2236<br><br>   Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

## CIVIL ACTION COMPLAINT

Plaintiff Lauren Gommel ("Plaintiff"), by and through undersigned counsel, hereby complains as follows against Pro Custom Solar, LLC d/b/a Momentum Solar ("Defendant").

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant of the Family Medical Leave Act ("FMLA"), the New Jersey Family Leave Act ("NJFLA"), and the New Jersey Law Against Discrimination ("NJLAD"). Defendant fired Plaintiff shortly after Plaintiff's request to Defendant for FMLA protected leave to care for her terminally ill mother. Accordingly, Defendant fired Plaintiff because of her need for FMLA and NJFLA protected leave and/or for her association with her terminally ill mother.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FMLA. This Court has supplemental jurisdiction over the related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff is an adult individual with an address as set forth above.

8. Defendant is a business entity that does business in New Jersey at the address set forth in the caption.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Defendant hired Plaintiff in or around October 2016 as a Sales Representative.

12. While employed by Defendant, Plaintiff worked out of Defendant's Cherry Hill, New Jersey Office.

13. Throughout her employment, Plaintiff was held in high regard by Defendant, receiving exclusively positive performance reviews and performing consistently well in Defendant's sales performance metrics.

14. At times, Plaintiff was Defendant's number one salesperson in the state of New Jersey per Defendant's sales performance metrics.

15. On or around March 13, 2018, Plaintiff's mother was diagnosed with stage 4 cancer (hereinafter "Plaintiff's mother's disability").

16. On or around March 14, 2018, Plaintiff contacted Defendant's Human Resources Department, informing Defendant of her mother's diagnosis, Plaintiff's expected need to take time off from work to provide physical and psychological care for her mother due to her mother's disability, and requesting leave paperwork in connection with same.

17. Defendant did not respond to Plaintiff's March 14, 2018 communication referenced in the preceding paragraph.

18. Shortly thereafter, on or around March 16, 2018, Plaintiff spoke in-person with her direct Supervisor, Defendant's Director of Sales Dan Dillon ("Director Dillon"), informing him of her mother's diagnosis, Plaintiff's expected need to take time off from work to provide physical and psychological care for her mother due to her mother's disability, and requesting leave paperwork in connection with same.

19. Director Dillon told Plaintiff that Defendant would grant Plaintiff time off to care for her mother.

20. Neither Director Dillon, nor Defendant's Human Resources Department, nor any other agent of Defendant, provided Plaintiff with a notice of her rights under the FMLA or the NJFLA.

21. On or around March 18, 2018, Plaintiff completed an online application for temporary disability benefits under the New Jersey Temporary Disability Benefits Law.

22. After informing Defendant and Director Dillon of her need for FMLA and NJFLA qualifying leave, the quality of the sales leads that Defendant provided Plaintiff dramatically decreased, as, by way of example only, Plaintiff was regularly sent to homes that were incapable of utilizing Defendant's services, homes without confirmed appointments, and Plaintiff often was not provided any appointments while her coworkers were given regular appointments.

23. As a result of the drastic decrease in the quality of her sales leads, Plaintiff's opportunity to obtain commissions likewise dramatically decreased until Plaintiff was unable to earn any commissions.

24. On or around April 6, 2018, Plaintiff complained to Director Dillon and others, inquiring as to the reason for the decrease in quality of her sales leads.

25. Defendant did not respond to this inquiry.

26. Plaintiff again complained on April 18 and 19 of 2019 about the quality of her sales leads.

27. Defendant did not respond to either of these inquiries.

28. On or around April 20, 2018, Defendant fired Plaintiff.

29. Defendant did not provide Plaintiff a reason for firing her.

30. Defendant fired Plaintiff because she requested time off of work to care for her terminally ill mother, because Plaintiff had a terminally ill mother and/or to prevent Plaintiff from taking NJFLA and/or FMLA protected leave.

31. As a result of the foregoing Plaintiff has suffered damages.

## COUNT I
## Violations of the Family and Medical Leave Act

**(Interference)**

32. The foregoing paragraphs are incorporated herein as if set forth in full.

33. On or around March 14, 2018 Plaintiff requested FMLA-protected leave to care for her terminally ill mother.

34. At the time of her leave request Plaintiff had been employed by Defendant for at least twelve (12) months.

35. Further, Plaintiff had worked at least 1,250 hours for Defendant during the twelve (12) months prior to March 2018.

36. Defendant employed in excess of 50 employees within 75 miles of the location where Plaintiff worked during 2017 and 2018.

37. Plaintiff's mother's terminal cancer diagnosis constituted a serious health condition under the FMLA.

38. Plaintiff was entitled to receive FMLA-protected leave to care for her terminally ill mother pursuant to 29 U.S.C.A. § 2612 (a)(1).

39. Plaintiff provided notice to Defendant that her mother was terminally ill and that she needed to take a protected leave of absence due to same.

40. Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with individualized notice of her FMLA rights.

41. Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA mandated eligibility notice.

42. Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA mandated rights and responsibilities.

43. Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA mandated designation notice.

44. Defendant interfered with Plaintiff's FMLA rights by failing to provide her FMLA protected leave.

45. Defendant interfered with Plaintiff's FMLA rights by firing her to prevent her from taking FMLA-protected leave.

46. Defendant's violation of the FMLA was both willful and intentional.

47. Plaintiff suffered damages as set forth herein.

## COUNT II
### Violations of the Family and Medical Leave Act
### (Retaliation)

48. The foregoing paragraphs are incorporated herein as if set forth in full.

49. Plaintiff provided notice to Defendant that her mother was terminally ill and that she needed to take a leave of absence related to her mother's illness.

50. Defendant retaliated against Plaintiff by reducing the quality of her leads after she requested FMLA-protected leave.

51. Defendant retaliated against Plaintiff by firing Plaintiff for requesting FMLA-protected leave.

52. Defendant's retaliatory actions constitute unlawful acts under the FMLA.

53. Defendant's violation of the FMLA was both willful and intentional.

54. Defendant's unlawful conduct caused financial harm and other damage to Plaintiff.

## COUNT III
### Violations of the New Jersey Family Leave Act ("NJFLA")
### (Interference)

55. The foregoing paragraphs are incorporated herein as if set forth in full.

56. Plaintiff requested NJFLA-protected leave to care for her terminally ill mother.

57. At the time of her leave request Plaintiff had been employed by Defendant for at least twelve (12) months.

58. Further, Plaintiff had worked at least 1,000 hours for Defendant during the twelve (12) months prior to March 2018.

59. Defendant employed in excess of 50 employees within 75 miles of the location where Plaintiff worked during 2017 and 2018.

60. Plaintiff's mother's terminal illness constituted a serious health condition under the NJFLA.

61. Plaintiff was entitled to receive NJFLA-protected leave to care for her terminally ill mother.

62. Plaintiff provided notice to Defendant that her mother was terminally ill and that she needed to take a leave of absence due to same.

63. Defendant interfered with Plaintiff's NJFLA rights by failing to provide Plaintiff with individualized notice of her NJFLA rights.

64. Defendant interfered with Plaintiff's NJFLA rights by failing to provide Plaintiff with an NJFLA mandated eligibility notice.

65. Defendant interfered with Plaintiff's NJFLA rights by failing to provide Plaintiff with an NJFLA mandated rights and responsibilities.

66. Defendant interfered with Plaintiff's NJFLA rights by failing to provide Plaintiff with an NJFLA mandated designation notice.

67. Defendant interfered with Plaintiff's NJFLA rights by failing to provide her NJFLA protected leave.

68. Defendant interfered with Plaintiff's NJFLA rights by firing her to prevent her from taking NJFLA-protected leave.

69. Defendant's violation of the NJFLA was both willful and intentional.

70. Plaintiff suffered damages as set forth herein.

## COUNT IV
## Violations of the NJFLA
## (Retaliation)

71. The foregoing paragraphs are incorporated herein as if set forth in full.

72. Plaintiff provided notice to Defendant that her mother was terminally ill and that she needed to take a leave of absence due to her mother's illness.

73. Defendant retaliated against Plaintiff by reducing the quality of Plaintiff's sales leads for requesting NJFLA-protected leave.

74. Defendant retaliated against Plaintiff by firing Plaintiff for requesting NJFLA-protected leave.

75. Defendant's retaliatory actions constitute unlawful acts under the NJFLA.

76. Defendant's violation of the NJFLA was both willful and intentional.

77. Defendant's unlawful conduct caused financial harm and other damage to Plaintiff.

## COUNT V
## Violation of the New Jersey Law Against Discrimination ("NJLAD")
## (Disability Discrimination)

78. The foregoing paragraphs are incorporated herein as if set forth in full.

79. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the NJLAD.

80. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the NJLAD.

81. The NJLAD prohibits employers, such as Defendant, from terminating an employee due to association with an individual with a disability.

82. Plaintiff's mother's terminal illness constitutes a disability under the NJLAD.

83. Defendant violated Plaintiff's rights under the NJLAD by firing Plaintiff because of her terminally ill mother.

84. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of interfering with and retaliating against employees who exercise or who attempt to exercise their rights under the FMLA, NJFLA, and/or NJLAD and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation, caused by Defendant's actions;

D. Plaintiff is to be awarded liquidated damages pursuant to the FMLA and NJFLA;

E. Plaintiff is to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant and other employers from engaging in such misconduct in the future;

F. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

G. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

H. Plaintiff is permitted to have a trial by jury.

Respectfully Submitted,

*/s/ Travis B. Martindale-Jarvis*_____
Travis B. Martindale-Jarvis, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 North Kings Highway, Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: March 3, 2020

**DEMAND TO PRESERVE EVIDENCE**

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.