IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
Camden, NJ

| | |
|---|---|
| LAUREN GOMMEL, | : |
| Plaintiff(s), | : |
| | : Case No.: 1:20-cv-02319-RBK-KHW |
| v. | : |
| PRO CUSTOM SOLAR, LLC d/b/a MOMENTUM SOLAR, | : JURY TRIAL DEMANDED |
| Defendant(s). | : |

## *JOINT PROPOSED DISCOVERY PLAN*

1.  Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    Travis B. Martindale-Jarvis, Esquire
    SWARTZ SWINDLER LLC
    1101 Kings Hwy N Ste 402
    Cherry Hill, NJ 08034
    Attorney for Plaintiff

    William K. Pelosi, Esquire
    LITCHFIELD CAVO LLP
    457 Haddonfield Road, Suite 200
    Cherry Hill, NJ  08002
    Attorney for Defendant

2.  Set forth a brief description of the case, including the causes of action and defenses asserted.

    **Plaintiff's Allegations:**

    Plaintiff alleges that Defendant illegally fired her because she informed Defendant that her mother had been diagnosed with stage 4 cancer and that she required time off from work to provide physical and psychological care for her terminally ill mother. Rather than provide Plaintiff the required leave, Defendant dramatically reduced the quality of her sales leads so much so that Plaintiff stopped earning commissions entirely. Then Defendant fired Plaintiff because of her request for FMLA and NJFLA qualifying leave. This is so despite the fact, to that point, Plaintiff was an excellent salesperson who performed exceptionally well under

> **Defendant's own sales metrics.  Plaintiff further alleges that Defendant's termination of her employment for "insufficient sales" was pretext for Defendant's unlawful retaliation against her for requiring time off to care for her terminally ill mother.**
>
> **Defendant's Response:**
>
> **Defendant responds that Plaintiff did not use the procedure provided to request FMLA or NJFLA leave.  Nevertheless, Defendant offered Plaintiff all the time off that she needed to care for her mother.  It makes no difference to Defendant how much time Plaintiff takes off.  Defendant does not subsidize benefits and only paid Plaintiff when she turned leads into sales.  Defendant does not, however, want its leads to be wasted.  Accordingly, the percentage of leads that are turned into sales is an important metric on which Plaintiff was measured.  The percent of leads Plaintiff turned into sales collapsed prior to Plaintiff informing Defendant that she needed time off to care for her mother.  This continued for several months.  Such a collapse in sales relative to leads indicates the use, by an employee, of Defendant's leads to sell for a competitor.  (Companies in the industry generally pay more for sales that are not derived from the leads they provide, so Plaintiff could boost her income considerably by, in effect, stealing Defendant's leads.)  Accordingly, because of the low success rate and suspected theft, Defendant terminated Plaintiff's employment.**

3. Have settlement discussions taken place? **Yes X**    No

   (a) What was plaintiff's last demand?

      (1) Monetary Demand: **COMBINED $115,000**
      (2) Non-monetary Demand:

   (b) What was defendant's last offer?

      (3) Monetary offer: **COMBINED $2,500**
      (4) Non-monetary offer:

4. The parties **[HAVE**    have not] met pursuant to Fed. R. Civ. P. 26(f):

5. The parties [have    **HAVE]** exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor.

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1)

7. The parties [have    **HAVE NOT]** conducted discovery other than the above disclosures. If so, describe.

8. Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects:

2

> **Defendant's performance metrics that applied to Plaintiff's position, including those used in the selection of Plaintiff for termination.**
>
> **Manner in which Defendant assigned leads, generally and with respect to Plaintiff.**
>
> **Subsequent to her mother being diagnosed as alleged in the Complaint, the timing and manner of Plaintiff's requests for time off and her time taken off.**

**Plaintiff's performance:**

> **The performance of Plaintiff's comparators under Defendant's performance metrics.**
>
> **Plaintiff's request for leave to care for her mother and all communications relating to same.**
>
> **Plaintiff's job and performance history prior to working for Momentum.**
>
> **Plaintiff's job and performance history subsequent to her employment at Momentum.**
>
> **Any situation where Plaintiff sold a product or service aided by a lead, but was not, at the time, selling on behalf of, and for the benefit of, the employer that generated the lead.**
>
> **Whether taking time off, with the durations and frequencies claimed by Plaintiff, would adversely affect the metrics of a Momentum employee, the decline of which lead to plaintiff's termination.**
>
> **Whether taking time off, with the durations and frequencies claimed by Plaintiff, would adversely affect Momentum financially.**

(b) Discovery **[SHOULD** should not) be conducted in phases or be limited to particular issues. Explain. **The Parties anticipate Mediation pursuant to L. Civ. R. 301.1. Accordingly, though the parties intend to exchange documents and information in anticipation of mediation, formal discovery is not anticipated to start until 60 Days following the Scheduling Conference.**

(c) Proposed schedule:

    (1)    Fed. R. Civ. P. 26 Disclosures    **6/25/2020**

    (2)    E-Discovery conference pursuant to L. Civ. R. 26.1(d)    **6/25/2020**

    (3)    Service of initial written discovery    **9/19/2020**

    (4)    Maximum of **25** Interrogatories by each party to each other party.

    (5)    Maximum of **10** depositions to be taken by each party.

      (6)    Motions to amend or to add parties to be filed by **11/2/2020**

      (7)    Factual discovery to be completed by **1/30/2021**

      (8)    Plaintiff's expert report due on **2/15/2020**

      (9)    Defendant's expert report due on **3/15/2021**

      (10)    Expert depositions to be completed by **4/15/2021**

      (11)    Dispositive motions to be filed by **5/14/2021**

(d)    Set forth any special discovery mechanism or procedure requested.

      A pretrial conference may take place on **TO BE DETERMINED**

(e)    Trial date: **TO BE DETERMINED (XXX Jury Trial**; Non-Jury Trial).

9.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?   Yes   **No XXX**

10.    Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?  Yes **No XXX**

    If so, how will electronic discovery or data be disclosed or produced?  **Electronic Documents may be produced in PDF form (OCR readable) where possible. Metadata for specific documents available upon request.**

11.    Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.  **Yes XXX**   No

12.    Do you anticipate any discovery problem(s) not listed above?  Describe.  Yes   **No XXX**

13.    State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

**This case is appropriate for mediation.  A major motivator is the avoidance of the time and expense that attends discovery.  The parties anticipate beginning with the self-initiated production of limited information to support their respective case narratives.  The parties will then work with the mediator to see if they can arrive at an agreed to case value, with or without the production of additional information.**

14.    Is this case appropriate for bifurcation?   Yes   **No XXX**

15.    An interim status/settlement conference (with clients in attendance), should be held in **late April or early May 2021.**

16. We [do **DO NOT**] consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

          Respectfully submitted,

          **LITCHFIELD CAVO LLP**
          *An Illinois Limited Liability Partnership*

          */s/ William K. Pelosi*
          William K. Pelosi, Esquire
          457 Haddonfield Road, Suite. 200
          Cherry Hill, NJ  08002
          (856) 854-3636
          pelosi@litchfieldcavo.com

          *Attorneys for Defendants,*
          *Pro Custom Solar, LLC d/b/a*
          *Momentum Solar*

          **SWARTZ SWIDLER LLC**

          /s *Travis B. Martindale-Jarvis*
          Travis B. Martindale-Jarvis, Esq.
          Richard S. Swartz
          1101 North Kings Highway, Suite 402
          Cherry Hill, NJ 08034
          (856) 685-7420
          tmartindale@swartz-legal.com
          rswartz@swartz-legal.com

Date:  June 25, 2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
Camden, NJ**

| | |
|---|---|
| LAUREN GOMMEL, | : |
| | : |
| Plaintiff(s), | : |
| | : Case No.: 1:20-cv-02319-RBK-KHW |
| v. | : |
| | : |
| PRO CUSTOM SOLAR, LLC d/b/a | : JURY TRIAL DEMANDED |
| MOMENTUM SOLAR, | : |
| | : |
| Defendant(s). | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of June, 2020, I caused a true and correct copy of Report of Rule 26(f) Meeting to be served upon the following counsel via electronic mail addressed to:

Travis B. Martindale-Jarvis, Esquire
Richard S. Swartz, Esquire
SWARTZ SWIDLER LLC
1101 North Kings Highway, Suite 402
Cherry Hill, NJ  08034
(856) 685-7420
tmartindale@swartz-legal.com
rswartz@swartz-legal.com

**LITCHFIELD CAVO LLP**
*An Illinois Limited Liability Partnership*

*/s/ William K. Pelosi*
William K. Pelosi, Esquire
457 Haddonfield Road, Suite. 200
Cherry Hill, NJ  08002
(856) 854-3636
pelosi@litchfieldcavo.com
*Attorneys for Defendants,*
*Pro Custom Solar, LLC d/b/a*
*Momentum Solar*